UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JORDAN,<br>          Plaintiff,<br>    v.<br>STEMCO PRODUCTS, INC.,<br>          Defendant. | Case No. 19-cv-02790-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 11 |

On April 3, 2019, Plaintiff Stephen Jordan filed a complaint for products liability against Defendant STEMCO Products, Inc. (Compl., Dkt. No. 1-1.) Pending before the Court is Defendant's motion to dismiss for failure to state a claim. (Def.'s Mot. to Dismiss, Dkt. No. 11.) The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Upon consideration of the parties' arguments and the applicable legal authority, and for the reasons set forth below, the Court GRANTS Defendant's motion to dismiss.

## I.    BACKGROUND

On April 28, 2017, Plaintiff alleges that he was a passenger in his friend's automobile when a STEMCO Products, Inc. Hubodometer 650-0610 crashed through the windshield of the automobile, striking Plaintiff. (Compl. at 7.) Plaintiff contends that this caused him permanent and severe injuries including severe lacerations and scarring to his face and head, as well as a closed head injury resulting in cognitive deficits. (*Id.* at 6.)

On April 3, 2019, Plaintiff filed the instant complaint in the Superior Court of California, County of Contra Costa, alleging: (1) motor vehicle injury, (2) negligence, (3) strict product liability, and (4) negligent product liability. (Compl.) On May 22, 2019, Defendant timely removed to federal court on diversity grounds. (Not. of Removal, Dkt. No. 1.) Defendant then filed the instant motion to dismiss Plaintiff's claims for general negligence, strict products liability

1  and negligent product liability. On June 12, 2019 Plaintiff filed his opposition. (Plf.'s Opp'n Dkt. No. 15.) On June 18, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 16.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; see also *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. General Negligence

Defendant contends that Plaintiff's second cause of action for general negligence is inadequately pled. (Def.'s Mot. at 4-5.) Plaintiff concedes this point and requests leave to amend. (Plf.'s Opp'n at 3.) Leave to amend must be freely granted unless the pleading cannot be cured. *Lopez*, 203 F.3d at 1127. Accordingly, the Court dismisses Plaintiff's general negligence claim with leave to amend.

### B. Federal Pleading Standards

Defendant also contends that Plaintiff's third and fourth causes of action do not satisfy federal pleading standards. (Def.'s Mot. at 3.) Plaintiff, however, argues that it would be unfair and unduly onerous for this Court to require language in the complaint that is more stringent or detailed than the language used and approved for decades in California Judicial Council Forms. (Plf.'s Opp'n at 3.) Plaintiff reasons that he did not seek to litigate in federal court. (*Id.*) Moreover, because this is a diversity case, Plaintiff argues the Court must use the substantive law of where the incident occurred -- i.e., California law -- and therefore the California forms should suffice. (*Id.*)

Plaintiff fails to cite to any authority supporting his contention that pleading standards in state courts override Federal Rule 8 pleading standards. Rather, the Ninth Circuit is clear that "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460). "Therefore, although this action is brought under California substantive law, the pleading requirements of Rule 12(b)(6) and Rule 8(a) apply . . . ." *700 Valencia St. LLC v. Focaccia*, No. 15-cv-04931-JCS, 2016 U.S. Dist. LEXIS 52427, at *7-8 (N.D. Cal. Apr. 19, 2016) Thus, the federal pleading standards must be met.

**C. Strict Product Liability**

Plaintiff also argues that, regardless of the pleading standard used, the facts alleged in the complaint are sufficient to satisfy Rule 8. (Pl.'s Opp'n at 3.)[1] In general, "California recognizes strict liability for three types of product defects – manufacturing defects, design defects, and warning defects." *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010) (citing *Anderson v. Owens-Corning Fiberglas Co.*, 53 Cal. 3d 987, 995 (1991)).

To allege manufacturing defect, the Plaintiff "must identify/explain how the [product] deviated from other seemingly identical [products]." *Lucas*, 726 F. Supp. 2d at 1155 (quoting *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 430 (1978)). "A bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion." *Id.* (quoting *Iqbal*, 556 U.S. at 677-79). Here, the only facts pled as to Plaintiff's third and fourth causes of action are that a STEMCO Products, Inco., Hubodometer 650-0610 flew off an unidentified truck crashing through the windshield in which Plaintiff was a passenger causing serious injuries thereby. (Compl., at 7.) Thereafter, the complaint consists of checked boxed with conclusory statements which state: each Defendant knew the product would be purchased and used without inspection for defects; the product was defective when it left the control of each Defendant; the product at the time of the injury was being used in the manner intended by Defendants and used in a manner reasonably foreseeable by Defendants as involving a substantial danger not readily apparent; and adequate warnings of the danger were not given. (*Id.*) Plaintiff's statement that Defendant's product hit him does not identify nor explain how the product deviated from other seemingly identical products. Accordingly, Plaintiff fails to put forth sufficient factual allegations under Rule 8(a) to state a claim under a strict products liability manufacturing defect theory.

A design defect may be shown through the consumer expectations test, when the product "fail[s] to perform as safely as its ordinary consumers would expect when used in an intended or

---

[1] Plaintiff cites to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to argue that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Plf.'s Opp'n at 4.) *Conley*, however, has been overturned by *Twombly*. *See Twombly*, 550 U.S. at 563 ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

4

reasonably foreseeable manner." *Lucas*, 726 F. Supp. 2d at 1154. Alternatively, a design defect can be established under the risk-benefit test, when "the design embodies 'excessive preventable danger,' that is, the risk of danger inherent in the design outweighs the benefits of such design." *Id*. Plaintiff, however, fails to plead any facts in support of either test. Again, Plaintiff only alleges that he was a passenger in a vehicle when Defendant's product flew into a car and hit him. Such allegations do not show that the product was unsafe for its intended use because it gives no insight as to how the product came off in the first place. Moreover, the Plaintiff makes no factual assertion as to how the design had any inherent danger, let alone outweighed the benefits of such design. Plaintiff's allegations are mere conclusions.

Finally, on a failure to warn theory, Plaintiff "must include factual allegations that explain how the subject warning is inadequate." *Id.* at 1156. The only factual allegations as to this point is that the product was used in a manner that was reasonably foreseeable by Defendants as involving a substantial danger not readily apparent and that adequate warnings were not given. (Compl. at 7.) Plaintiff fails to provide any factual contentions as to what warnings were not given or how the failure to warn caused Plaintiff's injuries. Therefore, the complaint is also insufficient to state a claim under a failure to warn theory.

Consequently, Plaintiff has failed to set forth sufficient facts for any theory under Plaintiff's third cause of action for Strict Product Liability. Because amendment is not futile, the Court dismisses the third cause of action with leave to amend.

### D. Negligent Product Liability

Defendant argues that Plaintiff fails to state a claim in its fourth cause of action under a negligent design or manufacture theory. (Def.'s Mot. at 5.) A claim for negligence requires the plaintiff to show a defect that caused the injury complained of, and that the defect was caused by the defendant's negligence. *Merill v. Navegar, Inc.*, 26 Cal.4th 465, 479 (2001). Again, Plaintiff's only factual contentions are the same as those used for the strict products liability theory. Plaintiff's complaint merely shows that Defendant's product crashed through the windshield of the car in which Plaintiff was a passenger, causing him injury. It cannot be inferred through Plaintiff's factual contentions that a defect caused Plaintiff's injury, nor that a defect was

caused by Defendant's negligence. Thus, the allegations in the complaint are insufficient to state a claim under a negligent design or manufacturing theory. Accordingly, the Court dismisses the fourth cause of action with leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss without prejudice. Plaintiff shall file an amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: July 31, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge